IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH DICKSON,
    Plaintiff,

vs.                                    Case No.: 5:06cv214/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the court upon Plaintiff's Petition for Attorney's Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 27) and Defendant's response thereto (Doc. 29).

        Plaintiff's counsel seeks an award of attorney fees totaling $1,637.50 (Doc. 27 at 1–2). Defendant has responded to the motion and does not contest the amount requested (Doc. 29).

        The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided:  1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A)–(B).

        In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993) the Supreme Court held that a social security Plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  In the instant case, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 23, 24).  Additionally, Plaintiff's application for fees was timely filed, the Commissioner's

position was not substantially justified, and no special circumstances make an award unjust. Moreover, Defendant does not disagree that fees should be paid in this case (Doc. 29). Accordingly, an award of fees is clearly appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 11.5 hours in attorney fees spent representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. He seeks compensation at the rate of $125.00 per hour. Additionally, Plaintiff seeks compensation for 4.0 hours in paralegal fees at the rate of $50.00 per hour. Defendant has represented to the court that he does not contest the reasonableness of the time claimed by Plaintiff's attorney, nor the hourly rate. Thus, attorney fees totaling $1,637.50 should be awarded.

Based upon the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Attorney's Fees (Doc. 27) be **GRANTED** as follows:

    > Plaintiff's counsel, David E. Evans, Esquire, is entitled to recover fees in the amount of $1,637.50 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees requested under the EAJA is reasonable; and the Commissioner is directed to pay counsel that amount.

At Pensacola, Florida, this 20th day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**